[No. 20966. Department One. April 14, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILLIP COSTAS DULACAS, *Appellant*.[1]

[1] ASSAULT AND BATTERY (7, 14)—CRIMINAL LAW (184)—ASSAULT WITH DEADLY WEAPON — INSANITY — EVIDENCE — SUFFICIENCY. The issue of mental irresponsibility for shooting the prosecuting witness is a question for the jury, where accused's claim that he had no memory of an apparently unprovoked attack is disputed by evidence of his admissions detailing the circumstances, and disclosing a motive for assaulting a former partner who had "stung him" on dissolution of the partnership.

Appeal from a judgment of the superior court for Clallam county, Ralston, J., entered October 8, 1926, upon a trial and conviction of assault. Affirmed.

*Trumbull, Severyns & Trumbull,* for appellant.

*John M. Wilson* and *Frank L. Plummer,* for respondent.

FRENCH, J.—Appellant Dulacas appeals from a judgment of conviction on an information charging assault in the first degree.

One Evan Liakakos was engaged in the confectionery and ice cream business in Port Angeles, Washington. Appellant lived in Seattle, and on the evening of

[1]Reported in 266 Pac. 185.

March 12, 1926, came to the city of Port Angeles, arriving on the evening train, and apparently walked directly to the business place of Liakakos and there, without making any statement, began to shoot at Liakakos with a .22 calibre automatic pistol, firing some six or seven shots, some of which hit the prosecuting witness. Appellant then immediately left the store, started to walk hurriedly or run up the street, dropped or threw away the pistol, and when about a block from the store, turned and walked back, when he was apprehended and placed in the city jail.

[1] The only defense urged in this case is that of mental irresponsibility. A number of witnesses testified both for the state and for the defense. The appellant himself testified on direct examination that he had no recollection of having left the city of Seattle, no knowledge of having done the shooting, and some of the witnesses testified that immediately after the shooting appellant was nervous, hysterical, crying and moaning, and a number of witnesses testified that he was at that time apparently insane, or under the influence of some narcotic drug. On the other hand, Dr. W. J. Taylor, a physician of Port Angeles, whose qualifications were admitted, testified that, some three or four days after the shooting took place, he made an examination of the appellant, found him "physically fit" and "in splendid physical condition," and that in his opinion appellant was perfectly sane; that at that time appellant conversed freely about the details of, and reason for, the assault. On cross-examination, appellant admitted that he and the prosecuting witness had been for a number of years business partners in the city of Seattle; that, on the dissolution of the partnership, he thought that the prosecuting witness had "stung him" and that he had "left him alone since that time."

The defense of mental irresponsibility was properly submitted to the jury under instructions to which no exceptions were taken. The testimony is conflicting, and the verdict of the jury on conflicting testimony is binding upon the court. There is nothing in this case but a question of fact. There is no claim of error on the admission or rejection of testimony, or on the giving or failure to give instructions. The judgment is therefore affirmed.

MACKINTOSH, C. J., MITCHELL, and PARKER, JJ., concur.